**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Phase Four Industries, Inc, | NO. C 04-04801 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS** |
| v. | |
| Marathon Coach Inc., | |
| Defendant. | |
| _____ / | |

## I. INTRODUCTION

On November 11, 2004, Phase Four Industries, Inc. ("Phase Four") filed a complaint seeking a declaratory judgment for non-infringement against Marathon Coach, Inc. ("Marathon"). (Phase Four's Complaint, Docket Item No. 1, at 1:23-2:1.) The dispute concerned a patent for a sewer hose that could automatically extend and retract from a Recreational Vehicle ("RV"). (Phase Four's Complaint at 2:2-4.) Presently before this Court is Marathon's Motion to Amend its Answer and Counterclaims by adding a counterclaim for a Bad Faith Claim of Trade Secret Misappropriation under Cal. Civ. Code § 3426.4. (Marathon's Motion for Leave to File First Amended Answer and Counterclaims, hereinafter "Marathon's Motion to Amend," Docket Item No. 49, at 2:4-7, Ex. A at 5:19-25.) A hearing on Marathon's Motion to Amend was set for July 18, 2005. However, this Court finds it appropriate to take the motion under submission without oral argument pursuant to Civil Local Rule 7-1(b). Based upon the arguments advanced by counsel in their briefs, and for the reasons set forth below, this Court grants Marathon's Motion to Amend.

## II.  BACKGROUND

Phase Four and Marathon are involved in the RV business.  (Phase Four's Motion for Partial Summary Judgment, hereinafter "Phase Four's MSJ," Docket No. 32, at 2:6-9; Marathon's Motion for Partial Summary Judgment, hereinafter "Marathon's MSJ," Docket No. 37, at 2:7-14.)  Phase Four is involved in designing and producing parts, specifically waste disposal systems, for RV's.  (Phase Four's MSJ at 2:6-10.)  Marathon is involved in producing hand built, high-end RV's from the chassis up.  (Marathon's MSJ at 2:7-10.)  Both companies have developed, and claim inventorship rights to, a novel automatic sewer hose for RV's.  (Phase Four's MSJ at 2:23-4:13; Marathon's MSJ at 3:1-19.)  Phase Four alleges that Marathon's patent, U.S. Patent No. 6,607,009 ("the '009 Patent"), is invalid because Phase Four conceived of the automatic sewer hose first, and diligently reduced its invention to practice.  (Phase Four's MSJ at 6:21-21, 7:12.)

### A.  Waste Disposal and Recreational Vehicles

RV waste disposal is typically done manually, through the manipulation of valves and a sewer hose.  (Phase Four's MSJ at 2:10-23.)  The user must manually connect a sewer hose from the RV to a sewer receptacle.  (Phase Four's MSJ at 2:13-15.)  After the waste has been emptied from the RV, the hose is manually disconnected and stored within the RV.  (Marathon's MSJ 2:22-23.)  The process is generally thought to be an unpleasant experience.  (Phase Four's MSJ at 2:22-23.)

To make the experience of waste disposal less unpleasant, both Phase Four and Marathon have automated a significant portion of the process.  (Phase Four's MSJ at 3:2-5; Marathon's MSJ at 3:1-6.)  Both companies developed waste disposal systems that used a pre-attached sewer hose that extends and retracts without the need for manual manipulation of the hose.  (Phase Four's MSJ at 3:3-4:5; Marathon's MSJ at 3:1-4.)  The automatic sewer hose extends and retracts using air pressure.  (Phase Four's MSJ at 3:2-5; Marathon's MSJ at 3:15-17.)  Both parties claim to have developed the automatic sewer hose first.  (Phase Four's MSJ at 1:20-24; Marathon's MSJ at 4:5-7.)

### B.  Phase Four's Waste Disposal System Development

Phase Four alleges that it conceived of using air pressure in connection with a sewer hose as

2

of March 1997. (Phase Four's MSJ at 6:22-23; Phase Four's MSJ Ex. 101.) By November 2000, Phase Four had developed the idea of using air pressure to extend and retract a sewer hose sufficiently to build a prototype. (Phase Four's MSJ at 4:5-7; Phase Four's MSJ Ex. 112.) In October 2002, Phase Four filed a provisional patent application for the automatic sewer hose. (Phase Four's MSJ at 4:6-13; Phase Four's MSJ Ex. 138.) Phase Four started marketing a new RV sewer system product, named Waste Master 6, that included the automatic sewer hose in 2003. (Phase Four's MSJ at 4:10-11; Phase Four's MSJ Ex. 112.) On October 29, 2004, Marathon sent a letter to Phase Four claiming that the Waste Master product infringed Marathon's '009 Patent by including the automatic sewer hose. (Phase Four's Complaint Ex. P003 at 1.) In response, Phase Four filed a Complaint on November 12, 2004, seeking a declaratory judgment of non-infringement. (Phase Four's Complaint at 1:22-2:1.)

**C. Marathon's Waste Disposal System Development**

Marathon alleges that it began testing a sewer hose that could extend and retract using air pressure in December 1999. (Decl. of Mark Bryan, hereinafter "Bryan Decl.," Docket Item No. 42, ¶ 4.) Over the next year, Marathon continued developing the automatic sewer hose. (Bryan Decl. ¶ 13.) By February 2001, Marathon began incorporating the extendable and retractable sewer hose in a RV. (Bryan Decl. ¶ 15.) This RV was completed and sold in July 2001. (Bryan Decl. ¶ 15.) Marathon filed a patent application for the automatic sewer hose in June 2001. (Bryan Decl. ¶ 14.)

In August 2002, Phase Four's President, Douglas Swarts, visited Marathon's production facility where he was allegedly made aware of the automatic sewer hose for the first time. (Bryan Decl. ¶ 20.) In September 2002, Douglas Swarts phoned Mark Bryan, the head of Research and Development at Marathon, to discuss RV products. (Bryan Decl. ¶¶ 1, 21.) During the discussion, Douglas Swarts was told that Marathon was patenting the automatic sewer hose. (Bryan Decl. ¶ 21.) Douglas Swarts, during a subsequent phone conversation, allegedly claimed he was a co-inventor because he previously disclosed the automatic sewer hose concept pursuant to a confidentiality agreement made with Marathon in 1998. (Bryan Decl. ¶ 22; Phase Four's MSJ Ex. 107.) In a letter sent on October 14, 2002, Douglas Swarts again claimed he discussed the automatic sewer hose with

3

1  Mark Bryan prior to Marathon's '009 Patent application.  (Bryan Decl. Ex. P; Phase Four's MSJ Ex.
2  136.)  Mark Bryan denies ever having discussed with Douglas Swarts an automatic sewer hose that
3  could extend or retract through the use of air pressure.  (Bryan Decl. ¶ 18.)

### III. STANDARDS

Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  Generally, leave to amend is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Factors weighed in determining whether leave should be granted include undue delay, bad faith, futility, and prejudice to the opposing party.  Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

### IV. DISCUSSION

Marathon seeks to amend its counterclaims by adding a counterclaim for a Bad Faith Claim of Trade Secret Misappropriation under Cal. Civ. Code § 3426.4.  (Marathon's Motion to Amend at 2:1-3.)  Section 3426.4 of the Cal. Civ. Code provides, "[i]f a claim of misappropriation is made in bad faith, . . . the court may award reasonable attorney's fees to the prevailing party."  Marathon argues that its Motion to Amend should be allowed because there has been no undue delay, it is not futile, and no prejudice would result.  (Marathon's Motion to Amend at 3:8-26).  Phase Four opposes Marathon's Motion to Amend, stating the amended counterclaim is futile and prejudicial.  (Phase Four's Opposition to Marathon's Motion for Leave to Amend, hereinafter "Opposition to Motion to Amend," Docket Item No. 51, at 2:4-5:14.)

This Court finds Phase Four's opposition to Marathon's Motion to Amend unavailing.  First, Phase Four states that Marathon's amended counterclaim is futile.  (Opposition to Motion to Amend at 2:4-4:23.)  Phase Four supports this argument by claiming, "Marathon will be unable to prove any facts to support its requested amendment." (Opposition to Motion to Amend at 2:10-12.)  However, the only requirement that Marathon faces in filing its amended counterclaim is that the pleadings are sufficient to state a claim.  FED. R. CIV. P. 8(a).  Whether or not Marathon can prove the amended

counterclaim is not at issue. This Court finds that Marathon has met its notice pleading requirement to state a claim for misappropriation. Therefore, Marathon's Motion to Amend is not futile. Second, Phase Four maintains that it has incurred unnecessary legal expenses, and thus Marathon's Motion to Amend is prejudicial. (Opposition to Motion to Amend at 4:24-5:14.) However, Phase Four offers no evidence that it has incurred substantial legal expenses due to Marathon's Motion to Amend. (Opposition to Motion to Amend at 4:24-5:4.) Further, this Court also finds that Marathon's Motion to Amend was brought early in the litigation and without undue delay or bad faith.

## V.  CONCLUSION

For the reasons set forth above, this Court grants Defendant's Motion to Amend.

Dated: July 18, 2005

/s/ James Ware
JAMES WARE
United States District Judge

04cv4801amend

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Alan Heimlich alanheimlich@heimlichlaw.com
Brenna Legaard brenna@chernofflaw.com
David Michael Zeff Zefflaw1@aol.com
William O. Geny bill@chernofflaw.com

**Dated: July 19, 2005**                          **Richard W. Wieking, Clerk**

                                                **By: /jwchambers/**
                                                      **Ronald L. Davis**
                                                      **Courtroom Deputy**

**United States District Court**
For the Northern District of California