**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   PHASE FOUR INDUSTRIES, IN,               No. C-04-04801-JW
12              Plaintiff,                    **SCHEDULING ORDER PATENT CASES**
13      v.
14   MARATHON COACH, INC.,
15              Defendant.
                                        /
16

The Court conducted a Case Management Conference on October 31, 2005.    Alan Heimlich appeared on behalf of Phase Four and Monaco.  Brenna Legaard appeared on behalf of Marathon.    The Court orders as follows:

A.  Initial Disclosures

1.  No later than **November 8, 2005**, Marathon shall serve on all parties a Disclosure of Asserted Claims and Preliminary Infringement Contentions and must make available for inspection and copying the documents described in Patent L.R. 3-2.

2.  No later than **December 23, 2005**, Phase Four and Monaco shall serve on all parties Preliminary Invalidity Contentions and must produce and make available for inspection and copying the documents described in Patent L.R. 3-4.

**United States District Court**
For the Northern District of California

B.  Claim Construction Proceedings

3.  No later than **January 9, 2006**, the parties shall exchange Proposed Terms and Claim Elements and must make available for inspection and copying the documents described in Patent L.R. 4-1.

4.  No later than **January 23, 2006**, the parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence and must make available for inspection and copying the documents described in Patent L.R. 4-2.

5.  The Court will hold a Claim Construction Hearing on **February 10, 2006** from 9 a.m. to noon. At the hearing the Court will consider only intrinsic evidence to interpret the disputed claims, i.e., the claims themselves, the written description portion of the specification and the prosecution history.  Pertinent portions of the intrinsic evidence should be highlighted and indexed to the disputed claim language.  No testimony will be allowed, unless the Court orders otherwise, based upon a timely motion noticed for hearing at least 10 days prior to the Claim Hearing by any party wishing to present testimony.  In addition, unless the Court orders otherwise, the Court Reporter will make a digital video of the proceedings.  Any party wishing a copy of the transcript or digital video may contract the Court Reporter.

6.  Notwithstanding Patent L.R. 4-5, the parties shall comply with the following briefing schedule: All Claim Construction briefs are due on **January 27, 2006.**

C.  Further Case Management Order

7.   At the conclusion of the Claim Construction Hearing, the Court will set a date and time for a further Case Management Conference to schedule subsequent events in the case, including due date for Final Infringement and Invalidity Contentions.  The Court will issue a separate scheduling order for trial purposes.

D.  Procedure Regarding Dispositive Motions in Patent Cases

8.  Prior to filing any dispositive motion, the moving party must first advise the Court and opposing counsel of its intention to do so by filing and serving a request for a case management conference regarding dispositive motion(s).  The request must outline the undisputed factual basis and legal basis of the proposed

2

**United States District Court**
For the Northern District of California

1  motion(s) and a proposed briefing and hearing schedule.  The Court may schedule a case management

2  conference to establish the schedule for briefing and hearing the motion(s) in an orderly and efficient manner

3  or may issue an order adopting the schedule proposed by the parties.

E.  Electronic Storage of Exhibits

4

5        9.  This Court has available a digital and video electronic evidence presentation system.  The parties

6  are ordered to familiarize themselves with the system, and to meet and confer about whether the case will

7  involve voluminous documentation.  If so, as the parties identify documentary material which is likely to be

8  used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will

9  facilitate displaying them electronically during the trial.  The parties are reminded that Civil L.R. 30-2(b)

10 requires sequential numbering of exhibits during depositions and that numbering must be maintained for

11 those exhibits throughout the litigation.  Each proposed exhibit shall be pre-marked for identification.  All

12 exhibits shall be marked with numerals.  The parties shall meet and confer on a division which will avoid

13 duplication (e.g., Plaintiff:  1-99,000; Defendant #1:  100,000-299,999;  Defendant #2:  300,000-

14 500,000).

15

16 Dated: November 2, 2005                          /s/ James Ware

17                                              JAMES WARE
                                               United States District Judge

18

19

20

21

22

23

24

25

26

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Heimlich alanheimlich@heimlichlaw.com
Brenna Legaard brenna@chernofflaw.com
William O. Geny bill@chernofflaw.com

**Dated: November 2, 2005**                     **Richard W. Wieking, Clerk**

                                                **By:___/s/ JW Chambers_____**
                                                     **Ronald L. Davis**
                                                     **Courtroom Deputy**

4