**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                                               No. C-04-04801-JW
PHASE FOUR INDUSTRIES, IN,
9                                               **SCHEDULING ORDER**
                    Plaintiff,
10
      v.
11
MARATHON COACH, INC.,
12
                    Defendant.
13  _____/

14
        The Court conducted a Case Management Conference on October 31, 2005.    Alan Heimlich
15
appeared on behalf of Phase Four and Monaco.  Brenna Legaard appeared on behalf of Marathon.
16
Accordingly, the parties are ordered to comply with the following schedule:
17
                 A.  Standing Order to Lodge Printed Copy of "ECF" Papers
18
        1.  In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF,"
19
when filing papers in connection with any motion for determination by the Judge or Preliminary Pretrial
20
and Trial Setting Conference Statements and Proposed Orders, the parties shall, in addition to filing
21
papers electronically, lodge with Chambers a printed copy of the papers by the close of the next court
22
day following the day the papers are filed electronically.  *See* Standing Order Regarding Case
23
Management in Civil Cases.  These printed copies shall be submitted to the Clerk's Office, in an envelope
24
clearly marked "Chambers Copy -- Lodged for the Chambers of Judge Ware" and shall state the case
25
name and case number.  Parties shall not "file" a paper copy of any document with the Clerk's Office that
26
has already been e-filed.
27

28

United States District Court

For the Northern District of California

1                 B.  <u>Compliance with Discovery Plan and Reference to Magistrate Judge</u>

2          2. The parties are ordered to comply with the discovery plan set forth in the Joint Case

3 Management Statement.  Any disputes with respect to the implementation of the discovery plan and all

4 disclosure or discovery disputes are referred to the assigned Magistrate Judge.  In addition, any disputes

5 pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

6           C.  <u>Document Management During Pretrial Discovery and Electronic Evidence Presentation</u>

7          3. This Court has available a digital and video electronic evidence presentation system.  The

8 parties are ordered to familiarize themselves with the system, and to meet and confer about whether the

9 case will involve voluminous documentary.  If so, as the parties identify documentary material which is

10 likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion

11 which will facilitate displaying them electronically during the trial.  The parties are reminded that Civil L.R.

12 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be

13 maintained for those exhibits throughout the litigation.  Each proposed exhibit shall be pre-marked for

14 identification.  All exhibits shall be marked with numerals.  The parties shall meet and confer on a division

15 which will avoid duplication (<u>e.g.</u>, Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2:

16 300,000-500,000).        The Court's standard order for pretrial preparation also applies.  The Court

17 orders as follows:

18                      D.  <u>Disclosure of Expert Witnesses</u>

19         4. Any party wishing to present expert witness testimony with respect  to a claim or a defense

20 shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a

21 written report which complies with Fed.R.Civ.P. 26(a)(2)(B) on or before **May 19, 2006.**

22         5. Expert witness disclosure must be made with respect to a person who is either (a) specially

23 retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular

24 employee or agent or treating physician who may be called to provide expert opinion testimony.

25         6. The parties are also required to lodge any supplemental reports to which any expert will testify

26 at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

27

28                                2

United States District Court

For the Northern District of California

1   7. Any party objecting to the qualifications or proposed testimony of an expert must file, serve

2   and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance

3   with Civil Local Rule 7-2, for hearing no later than **July 17, 2006** at 9:00 a.m.

4                               E.   Rebuttal Expert Witnesses

5   8.  If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the

6   same subject matter identified by another party, the party proffering a rebuttal expert shall make the

7   disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **June 2, 2006.**

8                             F.   Limitation on Testimony by Expert Witnesses

9   9.  Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert

10  witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's

11  deposition.  This is to ensure that all factual material upon which expert opinion may be based and all tests

12  and reports are completed prior to the expert deposition.  Unless application is made prior to the close of

13  expert discovery, each party will be limited to calling only one expert witness in each discipline involved in

14  the case.

15                              G.   Close of Discovery

16  10.  Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of

17  expert witnesses, must be completed by **July 21, 2006.**

18                          H.   Last date for Hearing Dispositive Motions

19  11.  The last day for hearing dispositive motions is **September 25, 2006** at 9:00 a.m.  Any

20  motions must be noticed in accordance with the Local Rules of this Court.

21          I.   Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

22  12.  The attorneys who will try the case are ordered to confer with one another and to file and

23  lodge with Chambers on **October 10, 2006**, a Preliminary Pretrial and Trial Setting Conference

24  Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court

25  should allocate for trial and the calendar period for the trial.  Ordinarily, depending on the length of the

26  trial the Court will set the trial during a calendar period approximately three to four months after the

27  Preliminary Pretrial and Trial Setting Conference.  In the Statement discussed in this paragraph, the

28  parties should show any cause why the case should be advanced or delayed beyond this period.

**United States District Court**
For the Northern District of California

1     13.  The attorneys who will try the case are ordered to appear on **October 23, 2006** at 11:00

2    a.m. for a Preliminary Pretrial and Trial Setting Conference.

3     14.  With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting

4    Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case.

5    Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the

6    stipulated time allocation.

7     15.  With respect to the calendar period for trial, based on the time allotted to the case, a

8    calendar period for trial will be set.  In the event it becomes necessary to delay the start of trial because

9    of the Court's calendar, the commencement date will trail from day-to day until the other matter is

10   concluded or further order of court.

11               J.   Alternative Dispute Resolution

12     16.  During the conference, the Court posed a question as to whether private mediation would be

13   beneficial at this time in the ligation.  Counsel expressed interests but requested some time to confer with

14   their respective clients.  Accordingly, the parties shall notify the Court within ten (10) days of this Order if

15   they wish to be referred to a private mediator.

16     None of the dates set in this order may be changed without an order of the court made after a

17   motion is duly filed and made pursuant to the local rules of this court.

18

19

Dated: November 3, 2005

20                                   JAMES WARE
                                   United States District Judge

21

22

23

24

25

26

27

28

4

**United States District Court**

For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Heimlich alanheimlich@heimlichlaw.com
Brenna Legaard brenna@chernofflaw.com
William O. Geny bill@chernofflaw.com

**Dated: November 3, 2005**                    **Richard W. Wieking, Clerk**


**By:__/s/ JW Chambers_____**
            **Ronald L. Davis**
            **Courtroom Deputy**

5