UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHASE FOUR INDUSTRIES, INC., <br>           Plaintiff, <br>   v. <br> MARATHON COACH, INC., <br>           Defendant. | Consolidated Case No. 04-4801 JW <br><br> **ORDER GRANTING DEFENDANT MARATHON'S MOTION TO COMPEL** |

**INTRODUCTION**

Defendant Marathon Coach, Inc. ("Marathon") moves to compel further discovery. Specifically, defendant Marathon moves to compel plaintiff Phase Four Industries, Inc. ("PFII") to produce further documents and plaintiff Monaco Coach Corporation ("Monaco Coach") to produce further documents and further interrogatory responses. Plaintiffs PFII and Monaco Coach oppose the motion. On May 23, 2006, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the court grants defendant Marathon's motion to compel discovery.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

# BACKGROUND

Defendant Marathon accuses plaintiff PFII of infringing U.S. Patent No. 6,607,009 (the "'009 Patent") which involves waste disposal systems for recreational vehicles. In 1998, plaintiff PFII had agreed to provide to defendant Marathon documents, including drawings and schematics of electric valve parts, which were related to certain technology it was developing for waste disposal systems for recreational vehicles. Plaintiff PFII provided these documents to defendant Marathon pursuant to a non-disclosure agreement. In October 2004, defendant Marathon demanded that plaintiff PFII cease and desist from further infringement of the '009 Patent. Specifically, defendant Marathon alleged that the automated extending waste hoses used in PFII's Wastemaster products infringed the '009 Patent.[2]

On November 12, 2004, plaintiff PFII filed a complaint seeking declaratory judgment that the '009 Patent had not been infringed and that it was invalid, unenforceable and unpatentable by the named inventors. On December 3, 2004, defendant Marathon filed an answer and counterclaim, alleging patent infringement. In California state court, plaintiff PFII further alleged that defendant Marathon misappropriated trade secrets. The California state action was later removed to federal court. For its part, defendant Marathon filed a patent infringement action against PFII and Monaco Coach Corporation ("Monaco Coach") in Oregon. Monaco Coach resells Wastemaster products as component parts for its own recreational vehicles. This action was transferred to the Northern District of California. On December 21, 2004, U.S. District Judge James Ware determined that Case Nos. 04-4801 and 04-5105 were related pursuant to Civ. L.R. 3-12(e). On March 23, 2005, Judge Ware determined that Case No. 05-0748 was also related.

On April 18, 2006, defendant Marathon filed a motion to compel discovery. On May 3,

---

[2] To empty the sewer tanks of motorhomes, users had had to manually connect and extend the sewer hose to the tanks. Plaintiff PFII and defendant Marathon allege they independently developed an automated extending and retracting hose which uses compressed air to connect the sewer hose to the tanks. Defendant Marathon terms its system, a pneumatically assisted hose extension and retraction system.

2006, plaintiff PFII filed its opposition. On May 17, 2006, defendant Marathon filed a reply.[3]

## DISCUSSION

Under the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). As emphasized in the Advisory Committee's Notes, the language of Rule 26(b) "make[s] clear the broad scope of examination and that it may cover not only evidence for use at trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of evidence." Fed. R. Civ. P. 26 advisory committee notes on 1946 amendments.

A court, however, has discretion to limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

**A.   Document requests propounded by Marathon on PFII**

Defendant Marathon moves to compel plaintiff PFII to further produce documents. Specifically, defendant Marathon moves to compel further production of documents to document request nos. 25, 27, 30, 18, 20, 26. Document request nos. 25, 27 and 30 relate to sales information and financial statements and document request nos. 18, 20 and 26 relate to products.

---

[3] Having received the moving and opposition papers and found that the parties had not met and conferred as required by Fed. R. Civ. P. 37(a)(2)(A) and Civil Local Rules 37-1(a) and 1-5(n), the court ordered the parties to further meet and confer on the various discovery requests. ("May 15, 2006 Order"). Defendant Marathon Coach later informed the court that further efforts to meet and confer had proved unsuccessful.

**1.     Document Request No. 18**

Document Request No. 18:

All documents referring to or relating to the quality, value, acceptability, workability, performance, or benefits of any extendable sewer hose product that has been developed, manufactured, used, sold, offered for sale, distributed, or otherwise disposed of by plaintiff, or any customer or plaintiff.

Response to Document Request No. 18:

Plaintiff, Phase Four Industries, Inc., hereby incorporates by reference each of its general objections above as if fully set forth herein. Phase Four objects to the request for production on the ground that the requested matter is not relevant to the claim or defense of any party nor is it relevant to the subject matter involved in the action. The Request for Production is overly broad and remote. The Request for Production is not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1). Additionally, Phase Four objects to the Request for Production on the ground that is not relevant because the information is simply too remote to any matter involved in the case. "[T]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." [*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC* (D.C. Cir. 1997) 103 F. 3d 1007, 1012-1013 (internal quotes omitted); *Mack v. Great Atlantic and Pac. Tea Co.* (1st Cir. 1989) 871 F. 2d 179, 187. The product that is the basis for this suit is the automated Waste Master 6, not all products made by Phase Four. The trade secrets case is based on the premise that Mr. Swarts and Phase Four disclosed trade secrets with regard to Waste Master 6, an automated extendable hose product. Further, Marathon Coach's claims are based upon alleged infringement of a patent they currently hold which is for an automated extendable hose product, not any other extendable hose products. Phase Four has products that are not the basis for this lawsuit and are not automated extendable hose products and therefore are not relevant to this case. The definition is overly broad in that it includes manual sewer hoses and other sewer hoses that are not relevant to the subject matter of the action. Objected to further as this request seeks to ascertain trade secrets and confidential research and development or commercial information. Compliance will unfairly reveal trade secrets and other confidential information.

Phase Four further objects that the "quality, value, acceptability, workability, performance, or benefits" of any extendable sewer hose product has nothing to do and is not relevant to whether Phase Four infringed Marathon's patent or if Marathon misappropriated trade secrets from Phase Four.

Subject to and without waiving these objections, Phase Four Industries, Inc. responds as follows: Phase Four will supply no documents.

Defendant Marathon seeks internal documents related to the quality, value, acceptability, performance, or benefits of the Waste Master 1 and 6 products. Defendant Marathon argues that internal documents related to such factors bear on the nature of the invention, the utility of the invention and the advantages of the invention. All may be part of the methodology used in later determining a royalty rate.

ORDER, *page 4*

Plaintiff PFII contends it has already produced responsive documents, including documents appended as Exhibit A and other documents Bates-stamped range PFI00045-PFI00058.

The court is without the benefit of the entire production of documents produced by plaintiff PFII to defendant Marathon. However, documents appended as Exhibit A appear to be mostly public documents related to the Waste Master products. The documents sought are relevant and therefore, defendant Marathon's motion to compel further production to document request no. 18, including any internal documents, is granted. Plaintiff PFII shall produce responsive documents for the Waste Master 1 and 6 products as well as documents related to any retrofit sales for products bearing the automatic extending hose.

### 2. Document Request No. 20

Document Request No. 20:

All documents referring or relating to any failures, problems with, and/or complaints about any extendable sewer hose product that has been developed, manufactured, used sold, offered for sale, distributed, or otherwise disposed of by plaintiff or any customer of plaintiff.

Response to Document Request No. 20:

Plaintiff, Phase Four Industries, Inc., hereby incorporates by reference each of its general objections above as if fully set forth herein. Phase Four objects to the request for production on the ground that the requested matter is not relevant to the claim or defense of any party nor is it relevant to the subject matter involved in the action. The Request for Production is overly broad and remote. The Request for Production is not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1). Additionally, Phase Four objects to the Request for Production on the ground that is not relevant because the information is simply too remote to any matter involved in the case. "[T]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." [*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC* (D.C. Cir. 1997) 103 F. 3d 1007, 1012-1013 (internal quotes omitted); *Mack v. Great Atlantic and Pac. Tea Co.* (1st Cir. 1989) 871 F. 2d 179, 187. The product that is the basis for this suit is the automated Waste Master 6, not all products made by Phase Four. The trade secrets case is based on the premise that Mr. Swarts and Phase Four disclosed trade secrets with regard to Waste Master 6, an automated extendable hose product. Further, Marathon Coach's claims are based upon alleged infringement of a patent they currently hold which is for an automated extendable hose product, not any other extendable hose products. Phase Four has products that are not the basis for this lawsuit and are not automated extendable hose products and therefore are not relevant to this case. The definition is overly broad in that it includes manual sewer hoses and other sewer hoses that are not relevant to the subject matter of the action. Objected to further as this request because "any failures, problems with, and/or complaints

about any extendable sewer hose product," has nothing to do with and is not relevant to whether Marathon misappropriated Phase Four's trade secrets or whether Phase Four infringed Marathon's patent.

Subject to and without waiving these objections, Phase Four Industries, Inc. responds as follows: Phase Four is not supplying any documents.

Defendant Marathon alleges that documents related to failures, problems and complaints for Waste Master 1 and 6 products are relevant to establish secondary indicia of nonobviousness and to evaluate damages. First, plaintiff PFII has pled obviousness as a basis for invalidity. Second, defendant Marathon alleges that disadvantages of the technology are among various factors considered in determining a reasonable royalty. Defendant Marathon alleges that a disproportionate amount of complaints regarding Waste Master 1 relative to Waste Master 6 suggests that customers place more value on the product equipped with the automatic extending hose and therefore, a higher royalty may be appropriate.

Plaintiff PFII states that it has already produced documents responsive to the request and that any complaints about Waste Master products equipped with or without the automatic extending hose are irrelevant to patent obviousness.

Documents related to failures, problems and complaints may be relevant to issues of obviousness and are relevant to damages. Therefore, defendant Marathon's motion to compel production to document request no. 20 is granted. Plaintiff PFII shall produce responsive documents for the Waste Master 1 and 6 products as well as documents related to any retrofit sales for Waste Master products bearing the automated extending hose.

**3.      Document Request No. 25**

Document Request No. 25:

Documents sufficient to disclose the contract number, contract date, seller, buyer, quantity, product designation, price, delivery period, pricing basis, payment terms, and broker name for every sale of extendable sewer hose product.

Response to Document Request No. 25:

Plaintiff, Phase Four Industries, Inc., hereby incorporates by reference each of its general objections above as if fully set forth herein. Phase Four objects to the request for production on the ground that the requested matter is not relevant to the claim or defense of any party nor is it relevant to the subject matter involved in the action. The Request for Production is overly broad and remote. The Request for Production is not reasonably calculated to lead to the discovery of

admissible evidence FRCP 26(b)(1). Additionally, Phase Four objects to the Request for Production on the ground that is not relevant because the information is simply too remote to any matter involved in the case. "[T]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." [*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC* (D.C. Cir. 1997) 103 F. 3d 1007, 1012-1013 (internal quotes omitted); *Mack v. Great Atlantic and Pac. Tea Co.* (1st Cir. 1989) 871 F. 2d 179, 187. The product that is the basis for this suit is the automated Waste Master 6, not all products made by Phase Four. The trade secrets case is based on the premise that Mr. Swarts and Phase Four disclosed trade secrets with regard to Waste Master 6, an automated extendable hose product. Further, Marathon Coach's claims are based upon alleged infringement of a patent they currently hold which is for an automated extendable hose product, not any other extendable hose products. Phase Four has products that are not the basis for this lawsuit and are not automated extendable hose products and therefore are not relevant to this case. The definition is overly broad in that it includes manual sewer hoses and other sewer hoses that are not relevant to the subject matter of the action. Objected to further as this request seeks to ascertain trade secrets and confidential research or commercial information.

Subject to and without waiving these objections, Plaintiff responds as follows: Phase Four will supply financial documentation sufficient to show sales and expenses of Waste Master 6.

Defendant Marathon objects to the production of a one-page summary of sales for Waste Master 6 from August 19, 2003 until June 22, 2005. Defendant Marathon argues that specific documents related to the sales of the infringing product are necessary to evaluate damages (under either a reasonable royalty or loss profits theory). Defendant Marathon further argues that documents related to other Waste Master products may be relevant because certain Waste Master products, such as the Waste Master 1 may be adapted to alter the manual extending hose to an automated extending hose. Additionally, plaintiff PFII has retrofit other motorhomes with the automated extending hose. Finally, defendant Marathon argues that the documents are necessary to evaluate the merits of the trade secret misappropriation claims alleged by plaintiff PFII.

Plaintiff PFII alleges that actual documents related to sales of the Waste Master products are not necessary to ascertain damages under a reasonable royalty. Plaintiff PFII discounts any lost profits theory. Plaintiff PFII further alleges that defendant Marathon's efforts to obtain further discovery constitute harassment and that all financial information has been produced.

Documents related to the sales of Waste Master products, including Waste Master 1 and 6, are relevant to damages. However, the specific names of the buyers is not relevant. Instead, plaintiff PFII shall provide information relating to whether the sales occurred with individuals or

other business entities. Therefore, defendant Marathon's motion to compel documents responsive to document request no. 25 is granted in part. Plaintiff PFII shall produce documents, including but not limited to, invoices and shipping documents, for the Waste Master 1 and 6 products as well as documents evidencing any retrofit sales for Waste Master products bearing the automated extending hose.

**4.     Document Request No. 26**

Document Request No. 26:

Documents sufficient to disclose the estimated price or prices and quantity or quantities at which plaintiff has anticipated offering for sale or selling extendable sewer hose products in the United States, regardless of whether such sales were actually made.

Response to Document Request No. 26:

Plaintiff, Phase Four Industries, Inc., hereby incorporates by reference each of its general objections above as if fully set forth herein. Phase Four objects to the request for production on the ground that the requested matter is not relevant to the claim or defense of any party nor is it relevant to the subject matter involved in the action. The Request for Production is overly broad and remote. The Request for Production is not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1). Additionally, Phase Four objects to the Request for Production on the ground that is not relevant because the information is simply too remote to any matter involved in the case. "[T]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." [*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC* (D.C. Cir. 1997) 103 F. 3d 1007, 1012-1013 (internal quotes omitted); *Mack v. Great Atlantic and Pac. Tea Co.* (1st Cir. 1989) 871 F. 2d 179, 187. The product that is the basis for this suit is the automated Waste Master 6, not all products made by Phase Four. The trade secrets case is based on the premise that Mr. Swarts and Phase Four disclosed trade secrets with regard to Waste Master 6, an automated extendable hose product. Further, Marathon Coach's claims are based upon alleged infringement of a patent they currently hold which is for an automated extendable hose product, not any other extendable hose products. Phase Four has products that are not the basis for this lawsuit and are not automated extendable hose products and therefore are not relevant to this case. The definition is overly broad in that it includes manual sewer hoses and other sewer hoses that are not relevant to the subject matter of the action. Objected to further as this request seeks to ascertain trade secrets and commercial information. Compliance will unfairly reveal trade secrets and other confidential information.

Phase Four objects further in that it is not relevant the "estimated or actual price" or "quantities" of product sold that allegedly infringes or the terms of the sale because that does not affect whether Phase Four's product infringes Marathon's patent or whether Marathon misappropriated the trade secrets of Phase Four. Only the total dollar value of sales of the alleged infringing product is relevant possibly as to damages.

Defendant Marathon argues that sales projections for Waste Master products may be

relevant to establish a royalty rate.  Specifically, defendant Marathon argues that sales projections may suggest how much plaintiff PFII valued the technology and a royalty rate the parties may have agreed upon in a hypothetical negotiation.

Regardless of whether the parties had engaged in the hypothetical negotiation contemplated in *Georgia Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116 (S.D.N.Y. 1116), plaintiff PFII argues that it would have never provided sales projections as part of that negotiations process.

There are a multiplicity of inter-penetrating factors that bear upon the amount of a reasonable royalty and no formula to precisely rate such factors.  *Georgia Pacific Corp. v. U.S. Plywood Corp., supra,* 318 F. Supp. at 1121.  The court may consider "the anticipated amount of net profits that the prospective licensee reasonably thinks he will make" in hypothetical negotiations between a willing licensor and willing licensee.  *Id.*  If plaintiff PFII were a willing licensee in hypothetical negotiations, its projected sales for Waste Master products equipped with the automated extending hose is relevant.  Therefore, defendant Marathon's motion to compel further production to document request no. 26 is granted.  Plaintiff PFII shall produce responsive documents for the Waste Master 1 and 6 products as well as documents evidencing any sales projections for retrofit sales of Waste Master products bearing the automated extending hose.

**5.     Document Request No. 27**

Document Request No. 27:

Documents sufficient to show all costs, fixed and variable, associated with all sales of extendable sewer hose products sold by or for plaintiff in the United States.

Response to Document Request No. 27:

Plaintiff, Phase Four Industries, Inc., hereby incorporates by reference each of its general objections above as if fully set forth herein.  Phase Four objects to the request for production on the ground that the requested matter is not relevant to the claim or defense of any party nor is it relevant to the subject matter involved in the action.  The Request for Production is overly broad and remote.  The Request for Production is not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1).  Additionally, Phase Four objects to the Request for Production on the ground that is not relevant because the information is simply too remote to any matter involved in the case.  "[T]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so."
[*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC*

(D.C. Cir. 1997) 103 F. 3d 1007, 1012-1013 (internal quotes omitted); *Mack v. Great Atlantic and Pac. Tea Co.* (1st Cir. 1989) 871 F. 2d 179, 187.  The product that is the basis for this suit is the automated Waste Master 6, not all products made by Phase Four.  The trade secrets case is based on the premise that Mr. Swarts and Phase Four disclosed trade secrets with regard to Waste Master 6, an automated extendable hose product.  Further, Marathon Coach's claims are based upon alleged infringement of a patent they currently hold which is for an automated extendable hose product, not any other extendable hose products.  Phase Four has products that are not the basis for this lawsuit and are not automated extendable hose products and therefore are not relevant to this case.  The definition is overly broad in that it includes manual sewer hoses and other sewer hoses that are not relevant to the subject matter of the action.  Objected to further as this request seeks to ascertain trade secrets and confidential research or commercial information.

Phase Four object further in that it is not relevant what the "costs, fixed and variable" are of any extendable hose product sold that allegedly infringes.  What the costs are of the product does not affect whether Phase Four's product infringes Marathon's patent or whether Marathon misappropriated trade secrets of Phase Four.  Only the total dollar value of sales or expenses of the alleged infringing product is relevant possibly as to damages.

Subject to and without waiving these objections, Plaintiff responds as follows: Phase Four will supply financial documentation sufficient to show sales and expenses of Waste Master 6.

Defendant Marathon alleges that it seeks all documents related to costs attendant to the sales of any extending sewer hose products to evaluate damages for the patent infringement claims and plaintiff PFII's trade secret misappropriation claims.  Defendant Marathon further alleges that the one-page summary produced by plaintiff PFII is inadequate.

Plaintiff PFII alleges that actual documents related to sales of the Waste Master products are not necessary to ascertain damages under a reasonable royalty.  Plaintiff PFII discounts any lost profits theory.  Plaintiff PFII further alleges that defendant Marathon's efforts to obtain further discovery constitute harassment and that all financial information has been produced.

Documents related to the costs involved in sales of Waste Master products is relevant to an evaluation of damages.  Therefore, defendant Marathon's motion to compel documents responsive to document request no. 27 is granted.  Plaintiff PFII shall produce responsive documents for the Waste Master 1 and 6 products as well as documents evidencing costs related to any retrofit sales for the automated extending hose.

**6.      Document Request No. 30**

Document Request No. 30:

All of plaintiff's financial statements since 1998.

Response to Document Request No. 30:

Plaintiff, Phase Four Industries, Inc., hereby incorporates by reference each of its general objections above as if fully set forth herein. Phase Four objects to the request for production on the ground that the requested matter is not relevant to the claim or defense of any party nor is it relevant to the subject matter involved in the action. The Request for Production is overly broad and remote. The Request for Production is not reasonably calculated to lead to the discovery of admissible evidence FRCP 26(b)(1). Additionally, Phase Four objects to the Request for Production on the ground that is not relevant because the information is simply too remote to any matter involved in the case. "[T]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." [*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC* (D.C. Cir. 1997) 103 F. 3d 1007, 1012-1013 (internal quotes omitted); *Mack v. Great Atlantic and Pac. Tea Co.* (1st Cir. 1989) 871 F. 2d 179, 187. The product that is the basis for this suit is the automated Waste Master 6, not all products made by Phase Four. The trade secrets case is based on the premise that Mr. Swarts and Phase Four disclosed trade secrets with regard to waste master 6, an automated extendable hose product. Further, Marathon Coach's claims are based upon alleged infringement of a patent they currently hold which is for an automated extendable hose product, not any other extendable hose products. Phase Four has products that are not the basis for this lawsuit and are not automated extendable hose products and therefore are not relevant to this case. The definition is overly broad in that it includes manual sewer hoses and other sewer hoses that are not relevant to the subject matter of the action. Phase Four's financial statements are not relevant to whether Marathon misappropriated trade secrets from Phase Four or whether Phase Four infringed Marathon's patent. Phase Four further objects that for tax returns there is a public policy against unnecessary disclosure . . . from the need to encourage taxpayers to file complete and accurate returns. *Premium Service Corp. V. Sperry & Hutchinson Co.* (9th Cir. 1975) 511 F. 2d 225, 229. Therefore, discovery will not be compelled unless the discovering party shows both the relevancy of the information sought and a compelling need for production of the tax returns. *Gattegno v.Price waterhouseCoopers, LLP* (D. Ct. 2001) 205 F.R.D. 70, 73.

Objected to further as this request seeks to ascertain trade secrets and confidential research and development or commercial information. Compliance will unfairly reveal trade secrets and other confidential information.

Marathon Coach may be entitled to "reasonable royalties" from the time Phase Four was on notice of Marathon's patent application at its time of publication until that patent issues only if it issues with substantially similar claims as to those published and Phase Four is found to have infringed the patent. Marathon's published patent application differs significantly from the issued patent of August 19, 2003, as argued by Marathon before the U.S. Patent Office. Therefore, Phase Four could not have been on constructive notice as to Marathon's patent until that date. Thus, any alleged damages can only be based upon financial information from that date forward.

>Objected to further as the request seeks financial information protected by the right to privacy. Subject to and without waiving these objections, plaintiff responds as follows: Phase Four will produce relevant financial documentation from August 19, 2003 forward subject to the objections above.

Despite plaintiff PFII's agreement to produce responsive documents from August 19, 2003 until the present, defendant Marathon complains that no such production has occurred.

Plaintiff PFII's financial statements are relevant to the issue of damages. Plaintiff PFII commenced sales of Waste Master products in or around August 2003. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 30 is granted.

### B. Document requests propounded by Marathon on Monaco Coach

Defendant Marathon moves to compel further production of documents from Monaco Coach. Specifically, defendant Marathon moves to compel further production to document request nos. 4-8, 9, 10, 11, 22, 25.

#### 1. Document Request No. 4

Document Request No. 4:

>All documents and things concerning, supporting, or disputing Monaco's allegation that the Marathon patent is unenforceable.

Response to Document Request No. 4:

>Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon argues that plaintiff Monaco Coach has alleged the unenforceability of the patent as a defense and therefore, the document request is relevant. Plaintiff Monaco Coach alleges that defendant Marathon Coach has failed to comply with Patent L.R. 3-1 and therefore, the document request is premature.

Because plaintiff Monaco Coach has alleged the unenforceability of the patent as a defense, the document request is relevant. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 4 is granted.

### 2. Document Request No. 5

<u>Document Request No. 5:</u>

All documents and things concerning, supporting, or disputing the validity of Marathon's patent under 35 U.S.C. § 101 et seq.

<u>Response to Document Request No. 5:</u>

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon seeks documents which relate to plaintiff Monaco Coach's claims that the '009 Patent is invalid. Because defendant Marathon has not complied with the requirements under Patent L.R. 3-1, plaintiff Monaco Coach alleges that the document request is premature.

As plaintiff Monaco Coach has alleged invalidity of the '009 Patent as a defense, the document request is relevant. Therefore, defendant Marathon's motion to compel documents responsive to document request no. 5 is granted.

### 3. Document Request No. 6

<u>Document Request No. 6:</u>

All documents and things concerning, supporting or disputing the validity of Marathon's patent under 35 U.S.C. § 112 et seq.

<u>Response to Document Request No. 6:</u>

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon argues that plaintiff Monaco Coach has alleged the '009 Patent is invalid under 35 U.S.C. § 112 et seq., and therefore the document request is relevant. Plaintiff Monaco Coach contends that defendant Marathon has failed to comply with Patent L.R. 3-1 and therefore, the document is premature.

As plaintiff Monaco Coach has alleged that the '009 Patent is invalid under 35 U.S.C. § 112 et seq., the document request is relevant. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 6 is granted.

### 4. Document Request No. 7

<u>Document Request No. 7:</u>

All documents and things concerning, supporting, or disputing the validity of Marathon's patent under 35 U.S.C. § 102 et seq.

<u>Response to Document Request No. 7:</u>

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon argues that the document request is relevant because plaintiff Monaco Coach has alleged as a defense that the '009 Patent is invalid under 35 U.S.C. § 102 et seq. Plaintiff Monaco Coach contends the document request is premature in light of defendant Marathon's failure to timely comply with Patent L.R. 3-1.

As plaintiff Monaco Coach has alleged the defense that the '009 Patent is invalid under 35 U.S.C. § 102 et seq., the document request is relevant. Therefore, defendant Marathon's motion to compel documents responsive to document request no. 7 is granted.

### 5. Document Request No. 8

<u>Document Request No. 8:</u>

All documents and things concerning, supporting, or disputing the validity of Marathon's patent under 35 U.S.C. § 103 et seq.

<u>Response to Document Request No. 8:</u>

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon argues that the document request is relevant because plaintiff Monaco Coach has alleged that the '009 Patent is invalid under 35 U.S.C. § 103 et seq. Plaintiff Monaco Coach contends the document request is premature in light of defendant Marathon's failure to timely comply with Patent L.R. 3-1.

As plaintiff Monaco Coach has alleged the defense that the '009 Patent is invalid under 35 U.S.C. § 103 et seq., the document request is relevant. Therefore, defendant Marathon's motion to compel documents responsive to document request no. 8 is granted.

**6.     Document Request No. 9**

Document Request No. 9:

All documents and things, including printed publications, that Monaco alleges constitute prior art to the claims of the Marathon patent.

Response to Document Request No. 9:

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon argues that prior art is relevant. Plaintiff Monaco Coach contends the document request is premature in light of defendant Marathon's failure to timely comply with Patent L.R. 3-1.

Discovery related to alleged prior art for the '009 Patent is relevant. Therefore, defendant Marathon's motion to compel documents responsive to document request no. 9 is granted.

**7.     Document Request No. 10**

Document Request No. 10:

All documents and things concerning, supporting, or disputing the contention that any claim of the Marathon patent is invalid based upon inventorship.

Response to Document Request No. 10:

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon seeks documents related to any contention that the '009 Patent is invalid based on inventorship. Plaintiff Monaco Coach contends the document request is premature in light of defendant Marathon's failure to timely comply with Patent L.R. 3-1.

Discovery related to plaintiff Monaco Coach's contention that the '009 Patent is invalid based on inventorship is relevant. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 10 is granted.

**8.     Document Request No. 11**

Document Request No. 11:

All documents and things, concerning, supporting, or disputing the contention that any claim of the Marathon patent is invalid based upon derivation of the claimed invention from another not named as an inventor.

Response to Document Request No. 11:

Monaco has not yet determined what documents it intends to rely upon. Monaco reserves the right to supplement its response at a later time.

Defendant Marathon seeks documents related to any contention that the '009 Patent is invalid based upon derivation of the claimed invention from another not named as an inventor. Plaintiff Monaco Coach contends the document request is premature in light of defendant Marathon's failure to timely comply with Patent L.R. 3-1.

Discovery related to plaintiff Monaco Coach's contention that the '009 Patent is invalid based on derivation of the claimed invention from another not named as an inventor is relevant. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 11 is granted.

### 9. Document Request No. 22

Document Request No. 22:

Document sufficient to show all costs, fixed and variable, associated with all sales of coaches incorporating extendable sewer hose products sold by or for Monaco in the United States.

Response to Document Request No. 22:

Objection. This request is overly broad, overly burdensome and not likely to lead to the discovery of admissible evidence.

Defendant Marathon seeks documents which reflect the fixed and variable costs for coaches equipped with automated extending sewer hose products. Defendant Marathon argues that the costs bear on damages and therefore, are relevant. Plaintiff Monaco Coach objects on the grounds that the document request is overly broad, overly burdensome and not likely to lead to the discovery of admissible evidence.

Fixed and variable costs for the coaches equipped with automated extending sewer hose products may bear on the calculation of damages. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 22 is granted.

### 10. Document Request No. 25

Document Request No. 25:

All of Monaco's financial statements since 2003.

Response to Document Request No. 25:

    Objection. This request is overly broad, overly burdensome and not likely to lead to the discovery of admissible evidence. Subject to this objection, Monaco states that its historical financial statements are publicly available.

Defendant Marathon seeks financial statements beginning in 2003. In addition to objections that the request is overly burdensome and not likely to lead to the discovery of admissible evidence, plaintiff Monaco Coach argues that historical financial statements are publicly available. Plaintiff Monaco Coach argues that there is no hardship imposed on defendant Marathon in downloading its financial documents from the Internet.

The financial statements of Monaco Coach may bear on damages and therefore, are relevant. As the '009 Patent was issued in or around 2003, the court finds that the time period for the financial statements sought is proper. Therefore, defendant Marathon's motion to compel production of documents responsive to document request no. 25 is granted.

    **C.**    **Interrogatory propounded on Monaco Coach**

        **1.**    **Interrogatory No. 1**

Interrogatory No. 1:

    List all sales of coaches sold with an extendable sewer hose product, including the date sold, the price obtained for the coach, and any additional cost above the base cost of the coach charged or obtained for the extendable sewer hose product.

Response to Interrogatory No. 1:

    Objection. This request is overly broad, overly burdensome and not likely to lead to the discovery of admissible evidence. Without waiving the objection, Monaco states that only model year 2005 and 2006 Beaver Marquis motorhomes, all of which were produced in Oregon, had the Waste Master WM-6 extendable sewer hose product (#19804025)(the "WM-6") which is the subject of this litigation. Monaco will produce a printout of these units as an exhibit. The WM-6 was standard equipment included in the base cost of the coach.

By the interrogatory, defendant Marathon seeks discovery related to coaches which were sold and equipped with the Waste Master 6. Specifically, the interrogatory seeks the date the coach was sold, the price for each coach sold and any additional cost above the base cost which was charged and later received for a coach equipped with an extendable sewer hose product. In response, plaintiff Monaco Coach produced a spreadsheet which defendant Marathon characterizes as incomprehensible. Defendant Marathon contends that efforts to obtain further

explanation about the spreadsheet have proved unsuccessful.

Plaintiff Monaco Coach argues that the spreadsheet contains headings and the number of coaches sold. Plaintiff Monaco Coach further argues that the request for additional costs above the base costs which relate to coaches equipped with the Waste Master 6 has previously been produced.

In reviewing the spreadsheet produced by plaintiff Monaco Coach, the court finds that the sale date, the purchase price and any additional cost above the base cost for a coach equipped with the Waste Master 6 is lacking. Therefore, defendant Marathon's motion to compel further response to interrogatory no. 1 is granted.

### D.     Protective order

Defendant Marathon moves for protective order on the grounds that certain discovery involves confidential and proprietary information. In support of its motion, defendant Marathon has appended a proposed protective order, which originates from the court website for the Northern District of California. Plaintiff PFII alleges it has not withheld any discovery on the basis that a protective order has not been entered in this action. In reply, defendant Marathon cites numerous instances in the various discovery responses where plaintiffs have withheld further production on the grounds of trade secrets and confidential business information. For example, defendant Marathon argues that plaintiff PFII objected to document request nos. 1, 2, 14-30 and 33-36 on the grounds that the various document requests seek "trade secrets and confidential research and development or commercial information." Additionally, plaintiff Monaco Coach objected to document request no. 27 on the grounds that the documents sought involve confidential information and that a protective order had not been entered. Exhibit A to plaintiffs' opposition includes an index of documents produced. Certain pages in the production have been redacted and other documents have been withheld on the basis of trade secret, proprietary and confidential business information. In light of plaintiffs' objections to producing certain discovery because it may contain trade secrets, confidential research and development and other confidential information, the court finds that entry of a protective order is appropriate in this matter and shall be entered by the court.

## CONCLUSION

For the foregoing reasons, defendant Marathon's motion to compel discovery is granted.[4] Plaintiff PFII shall further produce documents responsive to documents requests identified above no later than June 8, 2006. Plaintiff Monaco Coach shall further respond to the interrogatory and further produce documents responsive to document requests identified above in or around June 8, 2006. As discussed at the hearing, the parties shall meet and confer to determine the actual date for production of a further interrogatory response and further production of documents by plaintiff Monaco Coach.

Dated:    *5/24/2006*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] During the hearing, plaintiff PFII objected to producing discovery related to its products in development or future products for which it may seek patents. Discovery related to products in development or future products for which it may seek patents is encompassed in five pages, which had been withheld on the basis of trade secret, proprietary and confidential business information. Specifically, the documents are set forth in Exhibit A of plaintiff PFII's opposition and are identified as documents numbered 494, 495, 496, 604 and 609. Defendant Marathon has agreed not to seek production of the discovery relating to products in development or future products for which plaintiff PFII may seek patents. Therefore, the above-specified documents are exempt from this motion to compel.