UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PHASE FOUR INDUSTRIES, INC.,                    Consolidated Case No. 04-4801 JW

               Plaintiff,                       **PROTECTIVE ORDER**

v.

MARATHON COACH, INC.,

               Defendant.

_____

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the court hereby enters the following Protective Order. The Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. As set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Party: any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the

medium or manner generated, stored, or maintained (including, among other things, testimony,

transcripts, or tangible things) that are produced or generated in disclosures or responses to

discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated,

stored or maintained) or tangible things that qualify for protection under standards developed

under F.R.Civ.P. 26(c).

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:

extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

nonparty would create a substantial risk of serious injury that could not be avoided by less

restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery

Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items

that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

Confidential— Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as

"Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are

retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as

their support staffs).

2.12     Expert: a person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

witness or as a consultant in this action and who is not a past or a current employee of a Party or

of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

employee of a Party or a competitor of a Party's. This definition includes a professional jury or

trial consultant retained in connection with this litigation.

2.13     Professional Vendors: persons or entities that provide litigation support

services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

organizing, storing, retrieving data in any form or medium; etc.) and their employees and

subcontractors.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as

defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.   Each Party

or non-party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. A

Designating Party must take care to designate for protection only those parts of material,

documents, items, or oral or written communications that qualify – so that other portions of the

material, documents, items, or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

1  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

2  unnecessarily encumber or retard the case development process, or to impose unnecessary

3  expenses and burdens on other parties), expose the Designating Party to sanctions.

4  If it comes to a Party's or a non-party's attention that information or items that it

5  designated for protection do not qualify for protection at all, or do not qualify for the level of

6  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

7  withdrawing the mistaken designation.

8  5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

9  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

10  material that qualifies for protection under this Order must be clearly so designated before the

11  material is disclosed or produced.

12     Designation in conformity with this Order requires:

13  (a) for information in documentary form (apart from transcripts of depositions

14  or other pretrial or trial proceedings), that the Producing Party affix the legend

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

16  of each page that contains protected material. If only a portion or portions of the material on a

17  page qualifies for protection, the Producing Party also must clearly identify the protected

18  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

19  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21     A Party or non-party that makes original documents or materials available for

22  inspection need not designate them for protection until after the inspecting Party has indicated

23  which material it would like copied and produced. During the inspection and before the

24  designation, all of the material made available for inspection shall be deemed "HIGHLY

25  CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

26  documents it wants copied and produced, the Producing Party must determine which documents,

27  or portions thereof, qualify for protection under this Order, then, before producing the specified

28  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

2  contains Protected Material. If only a portion or portions of the material on a page qualifies for

3  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

4  making appropriate markings in the margins) and must specify, for each portion, the level of

5  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY").

7  (b) for testimony given in deposition or in other pretrial or trial proceedings,

8  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

9  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

10 any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

11 EYES ONLY." When it is impractical to identify separately each portion of testimony that is

12 entitled to protection, and when it appears that substantial portions of the testimony may qualify

13 for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

14 the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

15 identify the specific portions of the testimony as to which protection is sought and to specify the

16 level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17 ATTORNEYS' EYES ONLY").

18        Only those portions of the testimony that are appropriately designated for protection

19 within the 20 days shall be covered by the provisions of this Protective Order.

20 Transcript pages containing Protected Material must be separately bound by

21 the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

22 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

23 nonparty offering or sponsoring the witness or presenting the testimony.

24 (c) for information produced in some form other than documentary, and for

25 any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

26 container or containers in which the information or item is stored the legend "CONFIDENTIAL"

27 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the

28 information or item warrant protection, the Producing Party, to the extent practicable, shall

1  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

2  Confidential – Attorneys' Eyes Only."

3  5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

4  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

5  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

6  under this Order for such material. If material is appropriately designated as "Confidential" or

7  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

8  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

9  that the material is treated in accordance with the provisions of this Order.

10         6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

11  6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's

12  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

14  waive its right to challenge a confidentiality designation by electing not to mount a challenge

15  promptly after the original designation is disclosed.

16  6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating

17  Party's confidentiality designation must do so in good faith and must begin the process by

18  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

19  with counsel for the Designating Party. In conferring, the challenging Party must explain the

20  basis for its belief that the confidentiality designation was not proper and must give the

21  Designating Party an opportunity to review the designated material, to reconsider the

22  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

23  designation. A challenging Party may proceed to the next stage of the challenge process only if it

24  has engaged in this meet and confer process first.

25  6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality

26  designation after considering the justification offered by the Designating Party may file and serve

27  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

28  that identifies the challenged material and sets forth in detail the basis for the challenge. Each

1   such motion must be accompanied by a competent declaration that affirms that the movant has

2   complied with the meet and confer requirements imposed in the preceding paragraph and that

3   sets forth with specificity the justification for the confidentiality designation that was given by

4   the Designating Party in the meet and confer dialogue.

5       The burden of persuasion in any such challenge proceeding shall be on the Designating

6   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

7   question the level of protection to which it is entitled under the Producing Party's designation.

8           7.      ACCESS TO AND USE OF PROTECTED MATERIAL

9   7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

10  or produced by another Party or by a non-party in connection with this case only for prosecuting,

11  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

12  to the categories of persons and under the conditions described in this Order. When the litigation

13  has been terminated, a Receiving Party must comply with the provisions of section 11, below

14  (FINAL DISPOSITION).

15      Protected Material must be stored and maintained by a Receiving Party at a location

16  and in a secure manner that ensures that access is limited to the persons authorized under this

17  Order.

18  7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

19  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20  disclose any information or item designated CONFIDENTIAL only to:

21  (a) the Receiving Party's Outside Counsel of record in this action, as well as

22  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

23  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

24  hereto as Exhibit A;

25  (b) the officers, directors, and employees (including House Counsel) of the

26  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

27  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

28  (c) experts (as defined in this Order) of the Receiving Party to whom

1  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

2  Bound by Protective Order" (Exhibit A);

3  (d) the Court and its personnel;

4  (e) court reporters, their staffs, and professional vendors to whom disclosure is

5  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

6  Protective Order" (Exhibit A);

7  (f) during their depositions, witnesses in the action to whom disclosure is

8  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

9  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

10  Protected Material must be separately bound by the court reporter and may not be disclosed to

11  anyone except as permitted under this Protective Order.

12  (g) the author of the document or the original source of the information.

13  7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

15  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

17  (a) the Receiving Party's Outside Counsel of record in this action, as well as

18  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

19  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

20  hereto as Exhibit A;

21  (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this

22  litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

23  (Exhibit A);

24  (c) the Court and its personnel;

25  (d) court reporters, their staffs, and professional vendors to whom disclosure is

26  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

27  Protective Order" (Exhibit A); and

28  (e) the author of the document or the original source of the information.

7.4      Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –ATTORNEYS'

EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the

Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

current employer(s), (5) identifies each person or entity from whom the Expert has received

compensation for work in his or her areas of expertise or to whom the expert has provided

professional services at any time during the preceding five years, and (6) identifies (by name and

number of the case, filing date, and location of court) any litigation in connection with which the

Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the

preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

within seven court days of delivering the request, the Party receives a written objection from the

Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with

the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

79-5, if applicable) seeking permission from the court to do so. Any such motion must describe

the circumstances with specificity, set forth in detail the reasons for which the disclosure to the

Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

suggest any additional means that might be used to reduce that risk. In addition, any such motion

must be accompanied by a competent declaration in which the movant describes the parties'

efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

1    discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

2    approve the disclosure.

3        In any such proceeding the Party opposing disclosure to the Expert shall bear

4    the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

5    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

7    OTHER LITIGATION.

8        If a Receiving Party is served with a subpoena or an order issued in other litigation

9    that would compel disclosure of any information or items designated in this action as

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

11   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

12   and in no event more than three court days after receiving the subpoena or order. Such

13   notification must include a copy of the subpoena or court order.  The Receiving Party also must

14   immediately inform in writing the Party who caused the subpoena or order to issue in the other

15   litigation that some or all the material covered by the subpoena or order is the subject of this

16   Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order

17   promptly to the Party in the other action that caused the subpoena or order to issue.

18   The purpose of imposing these duties is to alert the interested parties to the existence

19   of this Protective Order and to afford the Designating Party in this case an opportunity to try to

20   protect its confidentiality interests in the court from which the subpoena or order issued.  The

21   Designating Party shall bear the burdens and the expenses of seeking protection in that court of

22   its confidential material – and nothing in these provisions should be construed as authorizing or

23   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

24       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26   Material to any person or in any circumstance not authorized under this Protective Order,

27   the Receiving Party must immediately (a) notify in writing the Designating Party of the

28   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

1  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

2  this Order, and (d) request such person or persons to execute the "Acknowledgment and

3  Agreement to Be Bound" that is attached hereto as Exhibit A.

4          10.    FILING PROTECTED MATERIAL.

5          Without written permission from the Designating Party or a court order secured after

6  appropriate notice to all interested persons, a Party may not file in the public record in this action

7  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

8  with Civil Local Rule 79-5.

9          11.    FINAL DISPOSITION.

10         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

11 after the final termination of this action, each Receiving Party must return all Protected Material

12 to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

13 abstracts, compilations, summaries or any other form of reproducing or capturing any of the

14 Protected Material. With permission in writing from the Designating Party, the Receiving Party

15 may destroy some or all of the Protected Material instead of returning it. Whether the Protected

16 Material is returned or destroyed, the Receiving Party must submit a written certification to the

17 Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

18 deadline that identifies (by category, where appropriate) all the Protected Material that was

19 returned or destroyed and that affirms that the Receiving Party has not retained any copies,

20 abstracts, compilations, summaries or other forms of reproducing or capturing any of the

21 Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

22 copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

23 work product, even if such materials contain Protected Material.  Any such archival copies that

24 contain or constitute Protected Material remain subject to this Protective Order as set forth in

25 Section 4 (DURATION), above.

26         12.    MISCELLANEOUS

27 12.1    Right to Further Relief. Nothing in this Order abridges the right of any person

28 to seek its modification by the Court in the future.

1    12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

2    Order no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Protective Order.  Similarly, no

4    Party waives any right to object on any ground to use in evidence of any of the material covered

5    by this Protective Order.

6    Dated: *5/24/2006*

7

8    _____
     PATRICIA V. TRUMBULL

9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the

Northern District of California on May 24, 2006 in the case of Phase Four Industries, Inc. V.

Marathon Coach, Inc., Consolidated Case No. 04-4801. I agree to comply with and to be bound

by all the terms of this Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]