IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Marathon Coach, Inc., <br><br> Plaintiff, <br> v. <br><br> Phase Four Industries, Inc., et al., <br><br> Defendants. | NO. C 05-00748 JW <br> Related Case No.: C 04-04801 JW <br> Related Case No.: C 04-05105 JW <br><br> **ORDER GRANTING MARATHON'S MOTION TO CONSOLIDATE CASES** |

### I. BACKGROUND

This action involves one patent, three related matters, and three companies in the recreational vehicle business.

Marathon Coach Inc. ("Marathon") is an Oregon corporation with its principal place of business in Coburg, Oregon. Marathon is involved in the business of producing hand built, high-end recreational vehicles ("RVs"). Marathon is the owner-by-assignment of the U.S. Patent No. 6,607,009 ("'009"), entitled "Sewage Systems for Vehicles." The patent was issued on August 19, 2003.

Phase Four Inc. ("Phase Four") is a California corporation with its principal place of business in Hollister, California. Phase Four is also involved in the RV industry. In October 2002, Phase Four filed a provisional application for an automatic sewer hose.

Monaco Inc. ("Monaco") is an Oregon corporation with its principal place of business in Oregon. Monaco is a developer and manufacturer of RVs. Pursuant to a business relationship with Phase Four, Monaco purchases RV parts from Phase Four and incorporates them into its RVs.

The three related matters essentially involve the technology development of the RV waste disposal system. RV waste disposal is typically done manually, through the manipulation of valves and a sewer hose. Both Marathon and Phase Four have developed and claim inventorship to automated waste disposal systems that use a pre-attached sewer hose that extends and retracts without the need for manual manipulation of the hose. A full description of this technology is described in the Court's October 20, 2005, Order granting Marathon's partial summary judgment dismissing Phase Four's affirmative defenses. (See Docket Item No. 65, C 04-04801-JW.)

In this case, Marathon contends that Phase Four and Monaco's manufacture, use, sell and or offer to sell the "Waste Master" sewage system infringe on Marathon's '009 patent. On October 29, 2004, Marathon sent a "cease and desist" letter to Monaco. The letter informed Monaco that the "Waste Master" product infringed on Marathon's patents and requested an accounting of sales. Anticipating that Marathon would sue it for patent infringement, on November 12, 2004, Phase Four filed a preemptive action against Marathon in the Northern District of California, seeking a declaratory judgment that it does not infringe the '009 patent and that the '009 patent is invalid. (See Docket Item No. 1; C 04-04801-JW, hereafter the "4801 case.")

On November 15, 2004, Phase Four filed a second complaint against Marathon in State Court, with claims of trade secret misappropriation, and breach of confidentiality agreement and fiduciary duties. Marathon removed the state case to the Northern District of California. (See Docket Item No. 1; C 04-05105, hereafter the "5105 case.")

On November 19, 2004, Marathon filed a patent infringement action against Phase Four and Monaco (collectively "Defendants") in the District of Oregon. On February 18, 2005, the case was transferred to the Northen District of California. (See Docket Item No. 1; C 05-00748, hereafter the "0748 case.")

On December 21, 2004, this Court ordered the 4801 and 5105 cases "related" pursuant to Civil Local Rule 3-12(b). Likewise, on March 23, 2005, this Court related 0748 to 4801, and 5105. (See Docket Item

1  No. 31; C 04-4801.) Currently before this Court is Marathon's motion to consolidate the two related cases
2  with the 0748 case. The Court held a hearing on Monday, October 31, 2005. Based on the briefs filed to date
3  and oral arguments, this Court GRANTS Marathon's Motion Consolidate Cases.

## II. DISCUSSION

5  Federal Rule of Civil Procedure 42(a) provides for consolidation "[w]hen actions involving a
6  common question of law or fact are pending before the court...." Fed. R. Civ. P. 42(a). To determine
7  whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay,
8  confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,
9  720 F. Supp. 805, 807 ( N.D. Cal. 1989). "Consolidation is within the broad discretion of the district
10 court." In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir.1987).

11 Under these standards, it is clear to the Court that at least two of the related actions involve a
12 number of common questions of law and fact. In the 4801 action, Phase Four seeks declaratory judgment
13 that it does not infringe and that the '009 patent is invalid. In the 0748 action, Marathon contends that
14 Phase Four and Monaco, through their manufacture and sales of the "Waste Master" infringe Marathon's
15 '009 patent. There is no question that these lawsuits will require the Court to construe the terms of the
16 '009 patent. Both suits will require the Court to address the validity of the "Sewage Systems for Vehicles"
17 patent. Each lawsuit will require a jury to understand the same underlying technology and the same claim
18 terms in order to determine if the products at issue infringe.

19 With respect to consolidation of the 5105 action, Phase Four contends that it would cause jury
20 confusion because the trade secrets claims go beyond the technology in the '009 patent, encompassing
21 numerous ideas that have no relationship to the '009 patent. (Phase Four Opp'n at 3.)
22 In reviewing Phase Four's Complaint in the 5105 action, the Court finds that the issues raised by Phase
23 Four's trade secrets claims are closely related to its claims that the '009 patent is invalid. Each of the
24 causes of action refers to the alleged "Confidentiality Agreement" signed between Phase Four's owner,
25 Douglas Swarts and Marathon's Head of Research and Development, Mark Bryan. This same
26 "Confidentiality Agreement" is at issue in the infringement and declaratory lawsuits.

In addition, the Court's recent decisions, granting partial summary judgment in favor of Marathon on the affirmative defenses of invalidity based on priority of inventorship and derivation in the 4801 action, and dismissing Phase Four and Monaco's counterclaims in the 0748 action, have substantially narrowed the focus of the cases and therefore, will eliminate any potential confusion between the business tort claims and those underlying the trade secret claims. (See Docket Item No. 65; C 04-4801-JW; Docket Item No. 22.)

Since there are significant similarities the three related actions, the Court believes that judicial efficiency will be served by consolidating these actions. Therefore, the Court GRANTS Marathon's motion to consolidate the cases.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Marathon's Motion to Consolidate the cases. Pursuant to the Civil Local Rules, the lead case is the case that was first filed in this Court. Therefore, C 04-5105-JW and C 05-00748-JW shall consolidate into C 04-480-JW.

Dated: October 31, 2005

/s/ James Ware
JAMES WARE
United States District Judge

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Alan Heimlich alanheimlich@heimlichlaw.com
Brenna Legaard brenna@chernofflaw.com
William O. Geny bill@chernofflaw.com

Connie L. Speck
Arnold Gallagher Saydack Percell Roberts & Potter
Suite 800
800 Willamette Street
Eugene, OR 97401

Dated: October 31, 2005          Richard W. Wieking, Clerk

                                 By:   /s/ JW Chambers
                                       Ronald L. Davis
                                       Courtroom Deputy