UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHASE FOUR INDUSTRIES, INC., | Case No.: C- 04-4801 JW  PVT |
| Plaintiff, | Related Cases C-05-0748 JW PVT<br>C-04-5105 JW |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY** |
| MARATHON COACH, INC., | |
| Defendants. | |

**I.   INTRODUCTION**

In this action, plaintiff Phase Four Industries, Inc. ("PFII') sued Defendant Marathon Coach, Inc. ("Marathon") for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,607,009 (the "'009 Patent"), which involves waste disposal systems for recreational vehicles.[1] Marathon filed a counterclaim for infringement of the '009 patent. Marathon removed related action 04-5105 from state court where PFII sued Marathon for improper disclosure of trade secret information and breach of confidentiality agreement. In the third related action, 05-748, Marathon sued Monaco Coach Corporation ("Monaco") and PFII for infringement of the '009 in the District of Oregon and the case was transferred here.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

On July 13, 2007, Defendant Marathon moved to compel production of documents and depositions of PFII and Monaco pursuant to Rule 30(b)(6). On August 21, 2007, the Court conducted a hearing on the motion to compel discovery. For the following reasons, the Motion is Granted in Part and Denied in Part as described herein.

**II.  DISCUSSION**

On March 24, 2006, this Court issued an Order granting Marathon's Motion to Compel PFII to produce documents relating to sales of the wastemaster products. In the current motion, Marathon seeks to compel: 1) production of updated sales information that was produced pursuant to the March 23, 2006 Order, as well as underlying data sufficient to show cost of goods and gross profit; 2) production of documents sufficient to reveal the names of corporate purchasers, for both updated and prior sales information; 3) depositions to take place in Portland; and 4) sanctions.

### A.  Legal Standard

A party is entitled to discovery if it is relevant to the claims and defenses in a lawsuit and, for good cause shown, a court may order discovery related to the subject matter of the litigation. Fed.R. Civ.P. 26(b)(1). Additionally, under the liberal discovery principles of the Federal Rules, those opposing discovery are required to carry a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N. D.Cal. Oct 25, 1990).

### B.  Motion to Compel Production of Documents

#### 1.  Updated Sales Information and Cost and Profit Data

Rule 26 imposes a duty to "supplement at appropriate intervals" information provided in initial disclosures and a duty "seasonably to amend" discovery responses that are incomplete or incorrect. Fed. R. Civ. P. 26(e). PFII claims that it has provided appropriate supplementation in the form of a spreadsheet that summarizes sales as well as profit and loss information. Marathon objects to this document claiming that it is entitled to the underlying documentation and should not have to rely upon a summary created for this litigation. Marathon clarified that it needed gross profit information, but did not need to know actual company profit. PFII again objected,

claiming that it did not want to reveal sensitive information to Marathon.

Accordingly, PFII shall produce all documents showing sales and gross profits and may designate any confidential documents as "Attorneys' Eyes Only." The parties shall make every effort to agree upon disclosure to appropriate experts. If the parties are unable to reach a reasonable agreement on disclosure to experts, either side may file a motion to resolve the dispute. The parties are cautioned that unreasonable behavior will result in sanctions. PFII shall provide an explanation to Marathon of what documents it is producing and what documents it no longer possesses. PFII shall produce the profit and cost data in a format that is clear and comprehensible.

### 2. Customer Names

Marathon renews its request to discover the names of all non-individual customers. Marathon argues that sales to coach retailers will affect the royalty that would be reasonable for leasing of the patented technology. Because sales to original equipment manufacturers are relevant to damages, Marathon's motion is Granted. PFII shall produce documents sufficient to reveal all sales to all corporate customers. PFII may redact the names of individual customers and PFII may produce the unredacted information about corporate customers as "Attorneys' Eyes Only." PFII shall also update the prior production of sales information to reveal the identities of all non-individual customers.

### C. Motion to Compel Depositions

Marathon originally sought to compel depositions of Monaco and PFII to take place in Portland. The motion was based on medical restrictions that precluded Marathon attorney Ms. Legaard from flying. Marathon argued that it noticed the depositions for July, when Ms. Legaard could have flown to California, and that PFII and Monaco's inappropriate behavior prevented the depositions from going forward at that time. Accordingly, Marathon argued that Monaco and PFII should travel to Portland to prevent Marathon from having to incur the expense of another attorney having to take the depositions. Since the Motion was filed, two significant developments have occurred: 1) Judge Ware has vacated the discovery cut-off, allowing discovery to proceed; and 2) Ms. Legaard has started her maternity leave.

In light of these developments, the motion to compel the depositions appears to be unnecessary. Discovery is currently open and depositions may be taken. The parties shall meet and confer and make every effort to select mutually convenient dates and places for the necessary depositions. Absent a showing of undue hardship on Marathon, the depositions shall take place according to the Federal Rules of Civil Procedure.[2] If the parties cannot agree on dates and times, any party may file a motion for court intervention. Again, all parties are cautioned that unreasonable refusals to agree will result in sanctions.

### D.     Motion for Sanctions

Marathon seeks $2,602.00 for having to bring this motion.  Rule 37 addresses motions to compel discovery and provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (a)(4)(A). However, Civil Local Rule 37-3 requires that any motion for sanctions in connection with a discovery dispute must be made by a separate motion. Marathon did not file a separate motion. Accordingly, Marathon's request for sanctions is denied without prejudice.

## III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Marathon's Motion to Compel updated sales documents and comprehensible cost and gross profit information is Granted;

2.   Marathon's Motion to Compel production of buyer names is granted in part as to corporate buyers, which may be produced "Attorneys' Eyes

---

[2] If Marathon claims undue hardship, it must make a detailed showing of why no attorney is capable of taking the depositions in the locations provided in the Federal Rules of Civil Procedure.

1 | Only."
2 | 3. Marathon's Motion to Compel Depositions in Portland is Denied without
3 | prejudice; and
4 | 4. Marathon's Motion for Sanctions is Denied Without Prejudice.

IT IS SO ORDERED.

Dated: August 23, 2007

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge